IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Edward Streater, ) | Civil Action No. 4:13-cv-02156-TLW |
| ) | Criminal No. 4:11-cr-2161-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, James Edward Streater ("Petitioner"). (Doc. #772). On January 5, 2012, Petitioner pleaded guilty to Count 1 of the indictment, which charged conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack, a violation of 21 U.S.C. § 846. (Docs. #273, 349). A sentencing hearing was scheduled for July 30, 2012. After granting a downward departure pursuant to the Government's U.S.S.G. § 5K1.1 motion, the Court sentenced Petitioner to 100 months' imprisonment. (Docs. #558, 559). Petitioner filed notice of appeal, (Doc. #546), and the Fourth Circuit Court of Appeals affirmed, (see Doc. #732).

Petitioner filed the present action on August 8, 2013, alleging two grounds of ineffective assistance of his trial counsel, J. Thomas McBratney, III ("McBratney"). McBratney submitted an affidavit in response to Petitioner's § 2255 motion. (Doc. #792). The United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Docs. #794, 795). Petitioner filed a timely response in opposition to the Government's motion. (Doc. #816). The matter is now ripe for decision.

1

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which the prisoner may claim such relief: (1) that the court imposed the sentence in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence exceeded of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  The Leano court noted that this standard is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Docs. #794, 795). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

**ANALYSIS OF CLAIMS**

Petitioner asserts two claims for relief pursuant to § 2255. (Doc. #772). In his first claim, Petitioner asserts that his trial counsel, J. Thomas McBratney, III, ("McBratney"), provided ineffective assistance by failing to object to his criminal history and by failing to argue that the sentence imposed was greater than necessary under 18 U.S.C. § 3553(a). (See Doc. #772 at 4-5). Second, Petitioner asserts that McBratney provided ineffective assistance by failing to apprise Petitioner of his right to supplement the Anders brief submitted to the Fourth Circuit on appeal. (Doc. #772 at 5). Petitioner's claims are without merit.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on lack of prejudice grounds. Id. at 697. Based upon the record before the Court and for the specific reasons set forth below, the Court concludes that neither of Petitioner's ineffective assistance claims should survive summary judgment.

4

1. **<u>Alleged ineffective assistance regarding the appropriateness of Petitioner's sentence</u>**

In his first claim, Petitioner asserts that his trial counsel, J. Thomas McBratney, III, ("McBratney"), provided ineffective assistance by failing to object to the use of a prior conviction as "a predicate for enhancement purposes." (Doc. #772 at 4). The record does not reflect that a "predicate" was used to enhance his sentence. The Petitioner is not totally clear as to the specifics of his challenge related to the predicate. The Court has reviewed the Petitioner's § 2255 petition and his response to the Government's motion for summary judgment, and Petitioner appears to assert that the PSR improperly included in his criminal history a California state drug offense conviction that was more than 15 years old. (See Doc. #772 at 5; see also Doc. #570 at ¶ 47). Petitioner also appears to argue that trial counsel's conduct resulted in a sentence greater than necessary under 18 U.S.C. § 3553(a). (See id.). Petitioner argues that had McBratney provided effective assistance in these areas, his sentence would have been different. Thus, Petitioner asserts he is entitled to relief pursuant to § 2255. However, Petitioner's claim is without merit.

Regarding Petitioner's criminal history, Petitioner's Criminal History Category was determined by Probation pursuant to the United States Sentencing Guidelines. Under the Guidelines, a defendant's Criminal History Category is determined based on the number of criminal history points assigned to the defendant, and these points are in turn calculated pursuant to U.S.S.G. §4A1.1. Pursuant to §4A1.1, a defendant is to receive (a) 3 points for each sentence of imprisonment exceeding one year and one month, (b) 2 points for sentences of at least sixty days not counted in (a) above, and (c) one point for sentences not counted in (a) or (b), up to a total of 4 points. U.S.S.G. §4A1.1 (2011). Certain prior sentences are not counted. For example, sentences that would receive 3 points under §4A1.1(a) are not assigned any points if the sentence

was imposed more than fifteen years prior to the commencement of the instant offense. U.S.S.G. §4A1.1, App. Note. 1. Once the defendant's criminal history points are assigned, the Criminal History Category can be determined by comparing the total number of points to the Sentencing Guidelines' Sentencing Table. Based on that table, a defendant with between 10-12 criminal history points – such as the Petitioner – falls into a Criminal History Category V. The defendant's Criminal History Category is then cross-referenced with the defendant's Offense Level to determine the appropriate guideline range under the Sentencing Guidelines. However, the sentencing court's analysis does not end here; in deciding on the appropriate sentence, the court must also consider the factors listed under 18 U.S.C. § 3553(a). See, e.g., Gall v. United States, 552 U.S. 38, 51, (2007).

Petitioner is entitled to no relief on this claim of ineffective assistance of counsel. A defendant falls under Criminal History Category V as long as the defendant has between 10 and 12 criminal history points. The Presentence Investigation Report in this case assigned Petitioner a total of 11 criminal history points. (Doc. #570). In challenging his criminal history, Petitioner specifically challenges his 1992 California state drug conviction, asserting that McBratney was ineffective for "not properly arguing that Petitioner's prior conviction may not qualify as a predicate to increase his punishment and more so… his culpability in the underlying offense that resulted in his 100 months imprisonment… mainly a California State predicate conviction that is more than 15 years old…." (Doc. #772-1 at 4, 5). However, Defendant's California State drug conviction was not assigned any criminal history points[1] and thus had no impact on Petitioner's Criminal History Category. (See Doc. #570 at 17, 21). Furthermore, this conviction was not used as a predicate for career offender purposes or as a predicate to enhance his sentence under Title

---

[1] The Court notes that in his affidavit, McBratney states "[Petitioner] received only one criminal history point for the 1992 conviction." (Doc. #792 at 3). However, the Presentence Investigation Report reflects that Petitioner received no criminal history points for the conviction. (Doc. #570 at ¶ 47).

6

21, U.S.C. § 851. Again, no criminal history points were assigned for the 1992 drug offense. (Doc. #570 at ¶ 47).

Petitioner's response to the Government's motion for summary judgment indicates Petitioner also challenges the use of other sentences imposed more than 10 years prior to the commencement of the instant offense. (Doc. #816 at 2). However, Petitioner's challenge is without merit. According to the indictment, the drug conspiracy to which Petitioner pleaded guilty commenced in or around January 2005. (Doc. #1). While Petitioner had several convictions with sentences imposed more than ten years prior to January 2005, only one sentence – imposed on a 1994 burglary conviction – was assigned any criminal history points. (Doc. #570 at 17-18). Probation assigned 1 criminal history point for the 1994 conviction; thus, even if that point were removed, Petitioner would have 10 remaining points and remain a Criminal History Category V. (See Doc. #570 at 18). These remaining 10 criminal history points, which are not challenged in the § 2255 petition, were properly calculated. (See Doc. #570 at 17-21; U.S.S.G. §4A1.1 (2011)). As a result, McBratney had no meritorious basis on which to object to the Petitioner's Criminal History Category, and Petitioner's claim for ineffective assistance of counsel on this ground fails.

Petitioner's related allegations of ineffective assistance in regard to the Court's application of the § 3553(a) factors also fail. In making this claim, Petitioner asserts that McBratney had a "fiduciary duty to properly present the Court… Petitioner's true characteristics and the high risk of providing substantial assistance to the Government…." (Doc. #772-1 at 6). Had McBratney properly presented the Court with Petitioner's characteristics and substantial assistance, Petitioner asserts his sentence would have been different.

These allegations do not entitle the Petitioner to relief. At sentencing, Petitioner faced an imprisonment range of 140-175 months in light of his total offense level of 29 and Criminal History Category of V. (Doc. #559). However, after hearing from both the Government and McBratney, the Court granted the Government's §5K1.1 motion and ultimately sentenced Petitioner to 100 months. (Docs. #529, 558, 559). Thus, McBratney's advocacy – in conjunction with a §5K1.1 motion from the Government – resulted in Petitioner receiving a sentence 40 months below the bottom of his guideline range. Furthermore, McBratney argued his own motion for a variance, asserting that Petitioner's criminal history category over-represented his criminal history. (Doc. #487). Although the motion was denied, McBratney vigorously advocated for a lower sentence on the Petitioner's behalf. (See Doc. #599 at 11-13, 17). Following the arguments on the variance motion, Court considered the § 3553(a) factors, including the Petitioner's history and characteristics, and arrived at the 100 month sentence. (Doc. #599). In light of the §5K1.1 departure, which took into account Petitioner's assistance, and in light of McBratney's advocacy and variance motion, the Court finds that Petitioner's allegations of ineffective assistance of counsel on these grounds is without merit.

For the reasons expressed above, the Court finds that Petitioner has failed to show that McBratney's assistance was unreasonable or that his conduct prejudiced the Petitioner. Rather, the record indicates that Petitioner's criminal history category accurately reflects the Petitioner's criminal history and that Petitioner benefited from McBratney's vigorous advocacy. As a result, Petitioner's claim for ineffective assistance of counsel on these facts is without merit.

### 2. Alleged ineffective assistance regarding the *Anders* appeal

In his second claim, Petitioner asserts that McBratney was ineffective for failing to apprise Petitioner of his right to supplement the Anders brief submitted on appeal. (Doc. #772 at

5). Specifically, Petitioner argues that the Fourth Circuit's CJA plan requires counsel to apprise clients of their right to file a *pro se* supplement to the Anders brief. (Doc. #772-1 at 7). Petitioner argues that McBratney failed to apprise him of this right, in violation of the CJA plan. (Id.). As a result, Petitioner asserts the Fourth Circuit should recall its mandate. (Doc. #772-1 at 8). Petitioner's claim on these grounds fails.

As an initial matter, the Court notes that Petitioner was provided notice – not once, but twice – of his right to file a *pro se* supplement to the Anders brief filed in his case. The first notice came in the Anders certificate of service served on October 5, 2012, and second came in the Anders notice issued by the Fourth Circuit Court of Appeals on October 11, 2012. (See Doc. #792 at 3). The Fourth Circuit addressed this issue on appeal, noting that "[Petitioner] was advised of his right to file a pro se supplemental brief but did not file one." (Doc. #732 at 2). Plaintiff has not cited – nor is the Court aware of – any provision in the Fourth Circuit CJA plan specifically requiring counsel to provide independent notice to the appellant of the right to file a *pro se* supplement to an Anders brief. However, even were such a requirement to exist, Petitioner suffered no prejudice from McBratney's alleged failure because he was independently advised of his right. In light of these facts, the Court finds that Petitioner's allegation of ineffective assistance of counsel on these grounds is without merit.

For the reasons expressed above, the Court finds that Petitioner has failed to show that McBratney's assistance was unreasonable or that his conduct prejudiced the Petitioner. Rather, the record indicates that Petitioner received notice of his right to file a *pro se* supplement to McBratney's Anders brief. As a result, Petitioner's claim for ineffective assistance of counsel on these facts is without merit.

**CONCLUSION**

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #772), is **DENIED**. The Government's motion for summary judgment, (Doc. #795), is **GRANTED**; and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
Chief United States District Judge

July 11, 2014
Columbia, South Carolina